UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JAMES WILLIE HAWKINS, JR.,

Petitioner,

v.

KEITH W. DAVIS,

Respondent.

Civil Action No. 3:15-CV-145

**MEMORANDUM OPINION**

THIS MATTER is before the Court on a Writ of Habeas Corpus for Prisoner in State Custody ("Petition") (ECF No. 1) filed by Petitioner James Willie Hawkins, Jr. ("Hawkins" or "Petitioner") and a Motion to Dismiss (ECF No. 5) filed by Respondent Keith W. Davis ("Davis" or "Respondent"), Director of the Virginia Department of Corrections.[1] In the Petition, Hawkins challenges his convictions for abduction; conspiracy to commit abduction; malicious wounding; conspiracy to commit malicious wounding; and use of a firearm in the commission of a felony. After being convicted, Hawkins was sentenced to an aggregate sentence of thirty-six years' imprisonment. For the reasons set forth below, the Court GRANTS the Motion to Dismiss and DISMISSES the Petition.

I.   **BACKGROUND**

   a. *Factual History*

On June 12, 2012, Latoya Hawkins ("Ms. Hawkins") and her boyfriend, Zack Bradford ("Bradford") were at Ms. Hawkins' home in Virginia Beach. Ms. Hawkins was married to the

---

[1] Hawkins mistakenly named Davis as respondent, presumably because Davis was at one time the Warden of Sussex I State Prison, where Hawkins is held. (Mot. to Dismiss at 1 n.1.) However, Harold W. Clarke ("Clarke") in his official capacity as Director of the Virginia Department of Corrections, is the person who has current custody over Davis, and is the proper party respondent. Va. Code §§ 53.1-20, 19.2-310. Therefore, the Court GRANTS the Director of the Virginia Department of Corrections request to substitute Clarke as party respondent in this matter.

Petitioner during the relevant time period, but the couple was separated. Ms. Hawkins had a protective order against Petitioner.

Beginning around 5:00 p.m. on June 12, Petitioner repeatedly called Ms. Hawkins and left threatening messages. That same afternoon, Jimmy Bufkin ("Bufkin"), an acquaintance of Petitioner, paid a visit to Ms. Hawkins' home. Using racial slurs and abusive language, Bufkin told Ms. Hawkins that Petitioner was on his way to the home and she should ensure Bradford was not present when Petitioner arrived.

Around 6:00 p.m., Bradford stepped out onto Ms. Hawkins' front porch to take a telephone call. At approximately the same time, Petitioner arrived, carrying a gun. Petitioner approached Bradford and said, "Come here," while pointing the gun at him. He then forced Bradford at gunpoint to walk through the neighborhood towards a green pickup truck Petitioner had borrowed from a friend. An individual wearing a ski mask was in the truck's driver seat. When Petitioner told Bradford to get in the truck, Bradford refused and attempted to escape. As Bradford tried to get away, Petitioner shot him multiple times. Bradford survived the shooting.

### b. *Procedural History*

#### i. Conviction and Direct Appeal

On August 20, 2012, Petitioner was indicted by the grand jury of the Commonwealth of Virginia, in the Circuit Court of Virginia Beach ("Virginia Beach Circuit Court"). He was charged with malicious wounding, abduction, conspiracy to commit abduction, conspiracy to commit malicious wounding, and use of a firearm in the commission of a felony. Petitioner pleaded not guilty and proceeded to a jury trial on January 8, 2013. The jury convicted Petitioner, and on July 3, 2013, the trial court entered final judgment and sentenced Petitioner to an aggregate sentence of thirty-six years' imprisonment. Petitioner sought a direct appeal in the Court of Appeals of Virginia on the following grounds:

> (1) The Commonwealth failed to present sufficient evidence establishing the defendant and co-defendant formed an express agreement to commit the crimes of abduction and malicious wounding.

(2) The Commonwealth failed to present sufficient evidence establishing the element of "malice" but instead established the defendant acted in the "heat of passion" and thus the Commonwealth failed to prove the defendant maliciously wounded Bradford.

(3) The Commonwealth failed to offer sufficient evidence of force or that any movement of Bradford from one location to another was other than incidental to the unlawful wounding rendering the evidence legally insufficient to convict him of abduction.

By Order dated December 30, 2013, the Court of Appeals of Virginia held that it would not consider the sufficiency challenges because Petitioner had not lodged a contemporaneous objection at trial, as required by Rule 5A:18 of the Rules of the Supreme Court of Virginia. (Br. in Supp. of Mot. to Dismiss, Ex. 1, attachment C.) Petitioner then appealed to the Supreme Court of Virginia, but the Supreme Court dismissed the petition on May 9, 2014 because the assignments of error did not address the Court of Appeals' ruling. (*Id.* at attachment D.)

### ii. **State and Federal Habeas Petitions**

On May 15, 2014, Petitioner filed a timely petition for a writ of habeas corpus in the Supreme Court of Virginia. He alleged five grounds in support of his petition:

(1) The Court of Appeals erred in ruling the Commonwealth presented sufficient evidence to establish that petitioner and his co-defendant formed an express agreement to abduct and maliciously wound the victim;

(2) The Court of Appeals erred in ruling the Commonwealth presented sufficient evidence to prove malice because the evidence showed petitioner acted in the heat of passion;

(3) The Court of Appeals erred in ruling the Commonwealth presented sufficient evidence to prove the element of force required to convict petitioner of abduction and that any movement of the victim was not incidental to the "unlawful wounding";

(4) The trial court abused its discretion in sentencing petitioner to an active term of thirty-six years' imprisonment where he acted in the heat of passion, and that the sentence was disproportionate to his crimes;

(5) The petitioner was denied the effective assistance of counsel when trial counsel solicited perjured testimony for use in petitioner's case, but then abandoned the plan and "gave [petitioner] up to [an Assistant Commonwealth's Attorney] to execute [petitioner] fo[r] nothing." The petitioner alleged counsel did this

because petitioner's case was "high profile" and counsel needed votes from his colleagues to win an election for Commonwealth's Attorney.

On November 18, 2014, the Supreme Court of Virginia granted respondent's motion to dismiss the habeas petition. The Court concluded the first three grounds were barred under *Brooks v. Peyton*, 210 Va. 318 (1969), because a habeas petition cannot be used as a substitute for an appeal. Further, the Court held ground four was barred by the rule in *Slayton v. Parrigan*, 215 Va. 27 (1974), as it could have been raised during the direct appeal process, but Petitioner had failed to do so. Finally, the Court held that ground five satisfied neither the performance nor prejudice prongs of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

On March 11, 2015, Petitioner filed the instant Petition, alleging four primary grounds for relief:

(1) The petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when:

A. Counsel failed to properly conduct adequate pre-trial and trial investigation, ultimately leading counsel to fail to properly preserve several essential evidentiary issues for review.

B. Counsel was ineffective for failing to terminate his representation of the Petitioner as counsel was running for a political office which not only distracted counsel from giving the Petitioner's case the attention required, but created a conflict of interest with counsel's position as the Petitioner's defense attorney.

(2) The Petitioner was unconstitutionally denied due process under the Fifth and Fourteenth Amendments of the United States Constitution when he was convicted based upon evidence insufficient to support a finding of guilt beyond a reasonable doubt.

A. The Commonwealth failed to prove the Petitioner and co-defendant formed an express agreement to commit the crimes of abduction and malicious wounding beyond a reasonable doubt.

B. The Commonwealth failed to present sufficient evidence establishing the element of "Malice" but instead established the defendant acted in the "Heat of Passion" and thus the Commonwealth failed to prove the defendant maliciously wounded Bradford.

      C. The evidence was legally insufficient to convict Petitioner of abduction because the Commonwealth failed to offer sufficient evidence of force or prove any movement of Bradford from one location to another was other than incidental to the unlawful wounding.

(3) The Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed to properly investigate the Petitioner's case in order to determine viable issues on appeal, and ultimately counsel only raised issues that had not been preserved for appellate review in the trial court record.

(4) The prosecutor engaged in misconduct that ultimately prejudiced the petitioner.

(Mem. in Supp. of Pet. at 2.) Petitioner further requests an evidentiary hearing on these matters. (*Id.*) On May 14, 2015, Respondent filed a response to the Petition and a Motion to Dismiss (ECF Nos. 5, 6). Petitioner subsequently filed an opposition to the Motion to Dismiss on May 27, 2015 ("Reply Mem.") (ECF No. 8). This matter is now ripe for review.

## II.    LEGAL STANDARDS

### a.  *The AEDPA*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may review a petition for a writ of habeas corpus by a person serving a sentence imposed by a state court only on grounds that the person is being held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court may grant the petition on a claim decided on its merits by the state court only if that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A decision is "contrary to" federal law if it resolves a question of law in a way that contradicts the relevant Supreme Court precedent, or if it yields a result that differs from the outcome of a Supreme Court case involving "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A decision applies federal law unreasonably if it is based

on the correct legal principle but applies that principle unreasonably to the facts of a case. *Id.* at 413. Whether a decision is reasonable is determined by an objective, not subjective, test. *Id.* at 409–10. The question is not "whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). Finally, a federal court is to presume the correctness of the state court's finding of facts and not find an "unreasonable determination" of the facts, unless the petitioner rebuts the presumption by clear and convincing evidence. *Id.* at 473–74. Thus, under section 2254(d), if a state court applies the correct legal rule to the facts of a case in a reasonable way, or makes factual findings reasonably based on the evidence presented, a federal court does not have the power to grant a writ of habeas corpus, even if the federal court would have applied the rule differently. *Williams*, 529 U.S. at 406–08.

### b. *Motion to Dismiss*

The familiar standards of Federal Rule of Civil Procedure 12(b)(6) apply to a government's motion to dismiss a section 2254 petition. *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). A motion to dismiss therefore "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the § 2254 petitioner to be true." *Id.* at 139 (internal quotation marks omitted) (quoting *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009)). The court must consider "the face of the petition and any attached exhibits" in determining whether a section 2254 petition states a claim for relief. *Id.* (quoting *Wolfe*, 565 F.3d at 169).

To survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). A complaint achieves facial

plausibility when it contains sufficient factual allegations supporting the reasonable inference that the alleged violations occurred. *See Twombly*, 550 U.S. at 556; *see also Iqbal*, 556 U.S. at 678.

## III.   DISCUSSION

In reviewing Petitioner's present § 2254 Petition and Respondent's Motion to Dismiss, the Court must first determine whether Petitioner has exhausted his claims in state court and whether those claims are barred by procedural default. *Brown v. Pixley*, No. 1:12cv293, 2012 WL 6555009, at *2 (E.D. Va. Dec. 12, 2012).

(1) Claims Raised in the Virginia Supreme Court (Claim 2)

Beginning with the latter doctrine of procedural default, "[a] federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). A state court's determination "that a claim has been procedurally defaulted, . . . is entitled to a presumption of correctness on federal habeas corpus review, provided" that: (1) the state court explicitly relied on the procedural ground in denying petitioner relief; and (2) the procedural rule is an independent and adequate[2] state ground for denying relief. *Brown*, 2012 WL 6555009, at *2. When these two requirements are satisfied, federal review of the claims is barred unless petitioner can show cause[3] and prejudice[4] for the default or a fundamental miscarriage of

---

[2] An adequate rule is one that is "regularly or consistently applied by the state court," and a rule is independent "if it does not depend[] on a federal constitutional ruling." *Hedrick*, 443 F.3d at 359 (citations and internal quotation marks omitted).

[3] To establish "cause," a petitioner "must establish that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court at the appropriate time." *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998) (citations and internal quotation marks omitted). "Examples of these external factors are situations where the factual or legal basis for a claim is not reasonably available to counsel or where some interference by officials makes compliance with the procedural rule impracticable." *McNeill v. Polk*, 476 F.3d 206, 214 (4th Cir. 2007).

[4] "To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude." *Winston*, 624 F. Supp. 2d at 492 (citation omitted).

justice[5]. *Winston v. Kelly*, 624 F. Supp. 2d 478, 491–92 (W.D. Va. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010).

Petitioner's insufficiency of the evidence allegations in his second claim for relief were previously presented to the Supreme Court of Virginia by way of a petition for appeal. (Br. in Supp. of Mot. to Dismiss, Ex. 1, attachment F.) The Supreme Court of Virginia dismissed the petition pursuant to Virginia Supreme Court Rule 5:17(c)(1)(iii)[6], finding "that the assignments of error in the petition for appeal are insufficient as they do not address the ruling of the Court of Appeals." (*Id.* at attachment D.) The Fourth Circuit has consistently held that Virginia Supreme Court Rule 5:17 is an independent and adequate state ground. *Hedrick*, 443 F.3d at 360–63; *Yeatts v. Angelone*, 166 F.3d 255, 264–65 (4th Cir. 1999); *Mueller v. Angelone*, 181 F.3d 557 (4th Cir. 1999). Therefore, because the Virginia Supreme Court declined to consider the claims' merits on the basis of an adequate and independent state procedural rule, the present review of Petitioner's federal claims is barred unless Petitioner can show cause and actual prejudice, or a miscarriage of justice. *See Winston*, 624 F. Supp. 2d 491 (citing *Coleman*, 501 U.S. at 750). However, Petitioner satisfies none of the above.

In his response to Respondent's Motion to Dismiss, Petitioner inexplicably argues that

---

[5]A fundamental miscarriage of justice, excusing procedural default, occurs where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (internal quotation marks omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[6] Virginia Supreme Court Rule 5:17(c) requires that a petition for appeal include "assignments of error" and specifically notes,

> An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Va. Sup. Ct. R. 5:17(c)(1)(iii).

his "claims regarding ineffective assistance of counsel contain the Petitioner's sufficiency arguments because the Petitioner's ineffective assistance claim is premised upon the fact that trial and appellate counsel failed to actually preserve the most integral issues from the Petitioner's trial, for appellate review, via trial court objection." (Reply Mem. at 3.) He asserts that his "claim of ineffective assistance of trial and appellate counsel reflects the fact that the Petitioner's valid arguments concerning the sufficiency of the evidence of conviction were never properly assessed and that is purely because of counsel's prior ineffectiveness." (*Id.* at 3–4.) Based on the foregoing, Petitioner concludes that cause is shown.

Interpreting Petitioner's claims liberally, the Court assumes that Petitioner is attempting to argue that "[a] valid nondefaulted ineffective assistance of counsel claim can constitute cause and prejudice and, thereby, excuse a procedural default." *Winston*, 624 F. Supp. 2d at 492 (citation omitted); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is itself an independent constitutional claim."). Importantly, however, the ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards*, 529 U.S. at 452 (citation and internal quotation marks omitted); *see also Murray v. Carrier*, 477 U.S. 478, 488–89 (1986). As explained below, Petitioner's ineffective assistance of counsel claims were not raised in the state courts and thus such claims cannot provide a basis for cause. Because no cause exists, the Court need not discuss the issue of prejudice. *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998).

Finally, Petitioner does not even attempt to claim that he is actually innocent, and thus he cannot demonstrate a miscarriage of justice. *See Sharpe*, 593 F.3d at 377.

For those reasons, Petitioner's Claim 2 is procedurally defaulted.

//

//

9

(2) <u>Claims Not Raised in the Virginia Supreme Court (Claims 1, 3 and 4)</u>

As Respondent notes, "a federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000); *see also* 28 U.S.C. § 2254(b)(1)(A). The purpose of exhaustion is rooted in the principles of comity and permits "the state [to] be given the first opportunity to correct constitutional errors in criminal proceedings." *Id.* A claim will not be deemed to be exhausted if petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The Fourth Circuit in *Baker*, however, noted that the Court has never strictly construed the requirement that a claim be raised "by any available procedure." *Baker*, 220 F.3d at 288. "Rather, the exhaustion requirement is satisfied so long as a claim has been 'fairly presented' to the state courts." *Id.* (citation omitted). This prohibits "petitioner [from] present[ing] new legal theories or factual claims for the first time in his federal habeas petition." *Breard*, 134 F.3d at 619; *see also Powell v. Kelly*, 492 F. Supp. 2d 552, 560 (E.D. Va. 2007) (citations omitted) ("The exhaustion doctrine does not prevent a petitioner from presenting evidence to the federal habeas court that was not presented to the state courts, provided that new evidence merely 'supplements,' and does not 'fundamentally alter,' the claim raised in the state petition."). The burden of proving exhaustion lies with the Petitioner. *Breard*, 134 F.3d at 619.

However, this does not end the exhaustion analysis. If a petitioner fails to present a claim to the highest state court, the claim may nevertheless be deemed exhausted "if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). For example, "[u]nder Virginia law, a petitioner is barred from raising any claim in a successive petition if the facts as to that claim were either known or available to petitioner at the time of his original petition." *Breard*, 135 F.3d at 619 (citation and internal quotation marks omitted); *see*

10

*also* Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."). This procedural bar "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray*, 518 U.S. at 162 (citations omitted).

Petitioner did not present claims one, three and four to the Supreme Court of Virginia.[7] These claims would now be procedurally barred under Virginia Code § 8.01-645(B)(2). Because the procedural bar that gives rise to exhaustion is an independent and adequate state ground, *Gray*, 518 U.S. at 162, the instant claims must be treated as simultaneously exhausted and procedurally barred from federal habeas review. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006).

However, Petitioner may overcome procedural default if he can show cause and prejudice for the default, or a miscarriage of justice. *See Gray*, 518 U.S. at 162. As to "cause," Petitioner needs to demonstrate the existence of: (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. *Clozza v. Murray*, 913 F.2d 1092, 1104 (4th Cir. 1990). But Petitioner again fails to carry his burden for the following reasons.

Petitioner's first and third claims allege ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a petitioner must show both that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong of *Strickland*, the performance prong, requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a

---

[7] Petitioner claims that "in his appeal to the Supreme Court of Virginia challenging the denial of his post-conviction motion, the Petitioner raised all of the substantive issues raised herein." (Reply Mem. at 4.) However, upon review of the relevant filings, Petitioner's instant Petition clearly presents new legal theories and factual claims. *Breard*, 134 F.3d at 619.

"strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). The second prong of *Strickland*, the prejudice prong, requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

This ineffective assistance of counsel standard likewise applies to direct appeals of criminal convictions. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The Fourth Circuit has additionally held that appellate counsel's decision as to which issues are suitable for appeal "is entitled to a presumption that [counsel] decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993).

In Petitioner's claim 1(A), Petitioner alleges that "counsel failed to properly conduct adequate pre-trial and trial investigation." (Mem. in Supp. of Pet. at 4.) Specifically Petitioner argues that "counsel's preparation for trial was woefully inadequate," which "led counsel to fail to recognize and challenge the most integral evidentiary issues presented against the Petitioner." (*Id.* at 7.) The Fourth Circuit has held that an allegation of inadequate investigation must be supported by a proffer of what favorable evidence or testimony would have been produced. *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996). Petitioner, however, does not allege anything beyond mere conclusory allegations, and therefore Claim 1(A) is without merit.

Moreover, "[a]lthough counsel should conduct a reasonable investigation into potential defenses, *Strickland* does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." *Tucker v. Ozmint*, 350 F.3d 433, 442

(4th Cir. 2003) (citations and internal quotation marks omitted). The record supports the conclusion that Petitioner's counsel conducted a reasonable investigation. Petitioner's counsel investigated each of the three potential witnesses that Petitioner identified. (Br. in Supp. of Mot. to Dismiss, Ex. 1, attachment G at pg. 3–4.) Additionally, Petitioner and his counsel "discussed [their] trial strategy many times," and counsel "attempted to put [their] plan into effect at trial, to the extent possible." (*Id.* at pg. 2.)

In Claim 1(A) Petitioner also intimates that counsel was ineffective for "fail[ing] to preserve any actual evidentiary issues for appellate review." (Mem. in Supp. of Pet. at 7.) However, again Petitioner fails to highlight any argument defense counsel could have reasonably made. Counsel is not ineffective for failing to make futile motions, *see Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005), and thus without further support, Petitioner's claim cannot stand.

Claim 1(B) alleges that "counsel was in direct and actual conflict of interest in representing the Petitioner because counsel represented the Petitioner during the same period in which counsel was running for a political office in the Commonwealth." (Mem. in Supp. of Pet. at 7.) Petitioner alleges that counsel should have withdrawn from the case "after repeated requests by the Petitioner for a different attorney." (*Id.*)

"When defense counsel's performance is impeded by an actual conflict of interest, counsel 'breaches the duty of loyalty, perhaps the most basic of counsel's duties,' and renders ineffective assistance." *Fullwood v. Lee*, 290 F.3d 663, 689 (4th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). If a habeas petitioner alleges a conflict of interest claim, "petitioner must show (1) that his attorney had 'an actual conflict of interest' and (2) that the conflict of interest 'adversely affected his lawyer's performance.'" *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980)). If the petitioner can establish both of these elements, "then prejudice to the defense is presumed and a new trial must be ordered." *Id.* (citations and internal quotation marks omitted).

Here, Petitioner cannot show that his counsel had an "actual conflict of interest." No

divergence existed between counsel's interests and Petitioner's interests with respect to a material factual or legal issue or to a course of action. *See United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007). Counsel's affidavit declares that he fought zealously for all of his clients during his campaign for Commonwealth's Attorney. (Br. in Supp. of Mot. to Dismiss, Ex. 1, attachment G at pg. 1.) He "want[ed] to demonstrate to potential voters that he was an effective litigator, [and] [] also was motivated to demonstrate that the Office of the Commonwealth's Attorney was losing cases that should have been won." (*Id.*) Thus, Petitioner's claim 1(B) is also unavailing.

Next, in Petitioner's third claim for relief, he argues that appellate counsel was ineffective for failing to "properly investigate the Petitioner's case in order to determine viable issues on appeal." (Mem. in Supp. of Pet. at 14.) He argues that appellate "counsel raised issues that had not been properly objected to during trial and therefore, were not properly preserved." (*Id.* at 16.) But, as the Government notes, Petitioner fails to proffer or otherwise identify what helpful evidence or legal theories further investigation would have revealed. In other words, he fails to present any facts demonstrating that appellate counsel's representation fell below "an objective standard of reasonableness," or that he was prejudiced as a result of his attorney's actions. Petitioner's bare, conclusory allegations do not support a claim of ineffective assistance of counsel. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrogated on other grounds by Gray*, 518 U.S. at 165–166.

Because Petitioner cannot demonstrate cause for his procedural default, his claims that were not raised in the Virginia Supreme Court are procedurally barred. *See Breard*, 134 F.3d at 620 (if Petitioner cannot show cause for his default, the issue of prejudice need not be addressed).[8]

 //

---

[8] Petitioner also does not attempt to argue a miscarriage of justice to excuse his procedural default.

## IV.    EVIDENTIARY HEARING

Petitioner requests an evidentiary hearing on the issues raised in the present Petition. (Mem. in Supp. of Pet. at 2.) The decision to grant an evidentiary hearing is left to the "sound discretion of district courts." *Schriro*, 550 U.S. at 473. A federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474; *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). The court must also consider the standards prescribed by section 2254 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474. Based on a thorough evaluation of the state court record, habeas relief under § 2254 is precluded, and thus the request for an evidentiary hearing is denied.

## V.    CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2254 motion must grant or deny a certificate of appealability. Rules Governing Section 2254 Proceedings 11. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Petitioner is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## VI.    CONCLUSION

For the foregoing reasons, the Court DISMISSES the Petition, DENIES a certificate of appealability, and GRANTS the Motion to Dismiss.

Let the Clerk send a copy of this Memorandum Opinion to Petitioner and all counsel of

record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___10th____ day of June 2015.