IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES WILLIE HAWKINS, JR.,

    Petitioner,

v.

                              Civil Action No. **3:15CV145**

KEITH W. DAVIS,

    Respondent.

## MEMORANDUM OPINION

James Willie Hawkins, Jr. ("Petitioner"), a Virginia state prisoner originally proceeding with counsel, brought this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). In his § 2254 Petition, Petitioner challenged his convictions in the Circuit Court of the City of Virginia Beach for abduction; conspiracy to commit abduction; malicious wounding; conspiracy to commit malicious wounding; and use of a firearm in the commission of a felony. By Memorandum Opinion and Order entered on June 10, 2015, the Court dismissed the § 2254 Petition. *See Hawkins v. Davis*, No. 3:15–CV–145, 2015 WL 3646654, at *10 (E.D. Va. June 10, 2015). The matter is before the Court on Petitioner's *pro se* Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion," ECF No. 21.) For the reasons set forth below, the Rule 60(b)(6) Motion will be DENIED.

### I. Pertinent Procedural History

The facts underlying Petitioner's convictions are as follows:

    On June 12, 2012, Latoya Hawkins ("Ms. Hawkins") and her boyfriend, Zack Bradford ("Bradford") were at Ms. Hawkins' home in Virginia Beach. Ms. Hawkins was married to the Petitioner during the relevant time period, but the couple was separated. Ms. Hawkins had a protective order against Petitioner.
    Beginning around 5:00 p.m. on June 12, Petitioner repeatedly called Ms. Hawkins and left threatening messages. That same afternoon, Jimmy Bufkin ("Bufkin"), an acquaintance of Petitioner, paid a visit to Ms. Hawkins' home.

> Using racial slurs and abusive language, Bufkin told Ms. Hawkins that Petitioner was on his way to the home and she should ensure Bradford was not present when Petitioner arrived.
> Around 6:00 p.m., Bradford stepped out onto Ms. Hawkins' front porch to take a telephone call. At approximately the same time, Petitioner arrived, carrying a gun. Petitioner approached Bradford and said, "Come here," while pointing the gun at him. He then forced Bradford at gunpoint to walk through the neighborhood towards a green pickup truck Petitioner had borrowed from a friend. An individual wearing a ski mask was in the truck's driver seat. When Petitioner told Bradford to get in the truck, Bradford refused and attempted to escape. As Bradford tried to get away, Petitioner shot him multiple times. Bradford survived the shooting.

*Hawkins v. Davis*, No. 3:15–CV–145, 2015 WL 3646654, at *1 (E.D. Va. June 10, 2015).

In his § 2254 Petition, Hawkins sought relief on the following grounds:

(1) The petitioner received ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution when:
> A. Counsel failed to properly conduct adequate pre-trial and trial investigation, ultimately leading counsel to fail to properly preserve several essential evidentiary issues for review.
> B. Counsel was ineffective for failing to terminate his representation of the Petitioner as counsel was running for a political office which not only distracted counsel from giving the Petitioner's case the attention required, but created a conflict of interest with counsel's position as the Petitioner's defense attorney.

(2) The Petitioner was unconstitutionally denied due process under the Fifth and Fourteenth Amendments of the United States Constitution when he was convicted based upon evidence insufficient to support a finding of guilt beyond a reasonable doubt.
> A. The Commonwealth failed to prove the Petitioner and co-defendant formed an express agreement to commit the crimes of abduction and malicious wounding beyond a reasonable doubt.
> B. The Commonwealth failed to present sufficient evidence establishing the element of "Malice" but instead established the defendant acted in the "Heat of Passion" and thus the Commonwealth failed to prove the defendant maliciously wounded Bradford.
> C. The evidence was legally insufficient to convict Petitioner of abduction because the Commonwealth failed to offer sufficient evidence of force or prove any movement of Bradford from one location to another was other than incidental to the unlawful wounding.

(3) The Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when appellate counsel failed

2

to properly investigate the Petitioner's case in order to determine viable issues on appeal, and ultimately counsel only raised issues that had not been preserved for appellate review in the trial court record.

(4) The prosecutor engaged in misconduct that ultimately prejudiced the petitioner.

*Id.* at *3 (citation omitted). In dismissing Hawkins's § 2254 Petition, the Court found that Hawkins had procedurally defaulted Claims 2(A)–(C) by failing to comply with Virginia Supreme Court Rule 5:17(c)(1)(iii). *Id.* at *5 (citation omitted).[1] Furthermore, the Court found that Hawkins had procedurally defaulted Claims 1, 3, and 4 because he did not present them to the Supreme Court of Virginia and they would now be barred under Virginia Code Ann. § 8.01–654(B)(2). *Id.* at *7. The Court further found that Claims 1(A), 1(B), and 3 lacked merit. *Id.* at *8–9.

## II. Hawkins's Rule 60(b)(6) Motion

Hawkins contends that the Court should not have found any of his claims defaulted because any defaults were attributable to his counsel or lack of competent counsel and counsel's failure to advance "the holding in *Martinez v. Ryan*, . . . which establishes the cause needed to

---

[1] Virginia Supreme Court Rule 5:17(c) requires that a petition for appeal include "assignments of error" and specifically notes,

> An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Va. Sup.Ct. R. 5:17(c)(1)(iii).

3

excuse my default . . . ." (Rule 60(b) Motion ¶ 7.)[2] "To receive Rule 60(b) relief, the movant must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party, in addition to one of the grounds for relief enumerated under Rule 60(b)." *Coleman v. Jabe*, 633 F. App'x 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).

Relief under Rule 60(b)(6) is reserved "only [for] truly extraordinary circumstances." *Aikens*, 652 F.3d at 501 (citation omitted) (internal quotation marks omitted). "[Rule 60(b)(6)] has been described as the 'catch-all' clause because it provides the court with a 'grand reservoir of equitable power to do justice in a particular case' and 'vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice' where relief might not be available under any other clause in 60(b)." *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 872 (4th Cir. 1999) (alteration in original) (quoting *Compton v. Alton S.S. Co.*, 608 F.2d 96, 106–07 (4th Cir. 1979)). Furthermore, "if the reason

---

[2] In *Martinez*, the Supreme Court concluded that a federal habeas court could find cause to excuse

> a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (alterations and omissions in the original) (quoting *Martinez v. Ryan*, 132 S. Ct. 1309, 1318–1319, 1320–1321 (2012)).

4

asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment," then Rule 60(b)(6) relief is not available. *Aikens*, 652 F.3d at 501 (citations omitted).

Here, the alleged errors complained of by Petitioner could have been addressed on appeal, therefore relief under Rule 60(b)(6) is not appropriate. *Id.* (citation omitted). Moreover, as a threshold matter, Petitioner fails to demonstrate he has a meritorious claim for relief for the reasons discussed in the June 10, 2015 Memorandum Opinion and, as explained more fully below, he cannot demonstrate prejudice.

The record reflects that Petitioner's guilt as to each charge was simply overwhelming. Ms. Hawkins testified that on the day of the shooting, Mr. Bufkin, a friend of Petitioner's had come to her home. (Jan. 8, 2013 Tr. 321.) Mr. Bufkin told Ms. Hawkins that he had just spoken with Petitioner and that Ms. Hawkins ought to get Bradford out of the house because Petitioner was coming over. (Jan. 8, 2013 Tr. 293.) Ms. Hawkins further testified that immediately prior to the shooting, Petitioner made multiple harassing phone calls. (Jan. 8, 2013 Tr. 296.)

Bradford unequivocally identified Petitioner as the individual who abducted him at gun point and then shot him. (Jan. 8, 2013 Tr. 128–32.) Melody Irene Frink, who was familiar with Petitioner, also saw Petitioner escort Bradford away from Ms. Hawkins's building, shortly before Bradford was shot. (Jan. 8, 2013 Tr. 200–06.)

Juan Wright testified that, the day before the shooting, Petitioner had borrowed Wright's green, Dodge pickup truck. (Jan. 8, 2013 Tr. 244–46.) Multiple witnesses testified to seeing the shooter fleeing the crime scene in a similar vehicle .

Petitioner testified at his trial. Previously, Petitioner had repeatedly denied to the police that he was in the vicinity of Ms. Hawkins's residence on the day of the shooting. (Jan. 9, 2013 Tr. 375.) Nevertheless, at trial, Petitioner admitted that he had accompanied Bradford away from

5

Ms. Hawkins's residence shortly before the shooting. (Jan. 9, 2013 Tr. 409–10.) Petitioner testified that he walked over to the pickup truck where Mr. Bufkin was waiting, wearing a mask. (Jan. 9, 2013 Tr. 411–13.) According to Petitioner, Mr. Bufkin then unexpectedly shot Bradford. (Jan. 9, 2013 Tr. 413.)

Petitioner's testimony was palpably incredible given Petitioner's numerous prior lies and Bradford's account of the incident. Moreover, the prosecution introduced a letter written by Petitioner wherein he admitted to being present at the scene of the crime with a gun. (Jan. 9, 2013 Tr. 425.) Additionally, the prosecution introduced a letter written by Petitioner wherein he stated, "I shot Mr. Zack Bradford, Jr. because he violated my marriage." (Jan. 9, 2013 Tr. 431.) Given the foregoing evidence, Petitioner cannot demonstrate he was prejudiced by any omission or error by counsel. As Petitioner fails to demonstrate that he has a meritorious claim that would entitle him to relief, *Coleman*, 633 F. App'x at 120 (quoting *Aikens*, 652 F.3d at 501), the Rule 60(b)(6) Motion (ECF No. 21) will be DENIED. The Court will DENY a certificate of appealability.

An appropriate Final Order shall issue.

Date: 6-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge